**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROY RADAKOVICH, as representative on behalf
of former shareholders of Pump Engineering, LLC,

    Plaintiff,

v.

                                    Case No. 11-13443

                                    HON. DENISE PAGE HOOD

ENERGY RECOVERY, INC.,

    Defendant.

_____/

**OPINION AND ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS, ORDER MOOTING MOTION
FOR ORDER TO CONDUCT/COMMENCE DISCOVERY
and
ORDER SETTING SCHEDULING CONFERENCE**

**I.    BACKGROUND/FACTS**

This matter is before the Court on a Motion to Dismiss filed by Defendant Energy Recovery, Inc. ("ERI"), in lieu of filing an Answer to the Complaint. Plaintiff Roy Radakovich ("Radakovich") filed a response. A reply was filed by ERI and a hearing held on the matter.

On August 8, 2011, Radakovich filed a Complaint against ERI alleging: Breach of Escrow Agreement (Count I); Breach of Duty of Good Faith and Fair Dealing (Count II); and Unjust Enrichment (Count III), pled in the alternative. ERI entered into an Agreement and Plan of Merger ("Merger Agreement") with Pump Engineering, LLC ("Pump Engineering") on December 21, 2009. (Comp., ¶¶ 4, 22) ERI is engaged in the business of making energy recovery devices used with desalination equipment. (Comp., ¶ 19) Pump Engineering was engaged in the business of developing turbo chargers and pumps commonly used with desalination equipment. (Comp., ¶ 15) Turbo chargers produced by Pump Engineering allow reverse osmosis desalination plants and other

liquid based industrial processing plans to be more efficient and require less energy for operation. (Comp., ¶ 16) Radakovich was named the "Company Representative" on behalf of the former owners of Pump Engineering. (Comp., ¶ 23) As a result of the Merger Agreement, Pump Engineering was merged into a wholly owned subsidiary of ERI and its existence ceased, with certain exceptions, "all the property, rights, privileges, powers and franchises." (Comp., ¶¶ 24-25)

Prior to the Merger, in May 2009, Pump Engineering entered into a contract with Hyflux Hydrochem PTE, Ltd. ("Hyflux") for Pump Engineering to provide Hyflux certain turbo charges and equipment that met certain efficiency to be delivered in certain dates. (Comp., ¶¶ 17-18) By virtue of the Merger Agreement, ERI acquired the rights in and control over the performance and completion of the Hyflux contract. (Comp., ¶ 26)

As part of the consideration for the Merger Agreement, ERI agreed to place in an Escrow Account a sum of money (the "Earn-Out") to be distributed to Radakovich based upon a separate Contingent Payment Escrow Agreement (the "Escrow Agreement"). (Comp., ¶ 27) The Earn-Out was to be distributed to Radakovich upon satisfaction of certain Milestone performance achievements related to the Hyflux contract. (Comp., ¶ 28) Pursuant to the Escrow Agreement, ERI agreed to deliver the sum of Three Million Five Hundred Thousand Dollars ($3,500,000) to an agreed upon Escrow Agent who in turn would pay the Earn-Out upon achievement of certain Milestones under the Hyflux contract. (Comp., ¶¶ 32-33)

The Escrow Agreement provided for three Milestones, two of which are at issue in this lawsuit. (Comp., ¶ 34) Milestone 1 was to meet certain efficiency requirements set forth in section 7.1 of the Hyflux contract, without Hyflux imposing liquidated damages. (Comp., ¶ 35) Upon meeting the Milestone 1 requirement, Radakovich was to be paid $1,300,000. (Comp., ¶ 37)

Milestone 2 was to meet certain delivery terms set forth in section 7.2 of the Hyflux contract, without the imposition of liquidated damages by Hyflux. (Comp., ¶ 38) Upon satisfaction of Milestone 2, Radakovich was to be paid $1,200,000. (Comp., ¶ 40)

Radakovich asserts that ERI breached the Escrow Agreement because it did not reasonably meet the requirements of Milestones 1 and 2. (Comp., ¶¶ 45-63) Radakovich claims that he has no way of knowing whether the efficiencies were ever met since ERI did not allow Radakovich to participate in the efficiencies testing and did not provide Radakovich with raw test data. (Comp., ¶ 55-56) Radakovich asserts that ERI repeatedly agreed to extend the time for delivery and that no penalty should have been assessed for the delayed delivery dates because Hyflux agreed to the delays. (Comp., ¶¶ 57-64) Radakovich alleges that despite the lack of basis for the penalties issued by Hyflux, ERI did not contest these penalties because Radakovich, under the Escrow Agreement, paid for the penalties instead from the amount Radakovich could have received from the Earn-Out if Milestones 1 and 2 were met. (Comp., ¶¶ 64-67) Radakovich claims that ERI chose to provide an unlawful gain to Hyflux since ERI could do so at no expense. (Comp., ¶ 67) Radakovich alleges that ERI breached the Escrow Agreement by utilizing its position of control to preclude Radakovich from obtaining the necessary resources to meet efficiencies and by verbally extending delivery dates without properly amending the Hyflux contract in writing which resulted in unnecessary penalties issued by Hyflux. (Comp., ¶¶ 70-72)

## II. ANALYSIS

### A. Motion to Dismiss Standard of Review

Rule 8(a)(2) provides a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In a

motion to dismiss under Rule 12(b)(6) for failure to state a claim, the issue is not whether a plaintiff will ultimately prevail on a claim, but whether his complaint is sufficient to cross the federal court's threshold to allege a claim. *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). A complaint need not pin a plaintiff's claim for relief to a precise legal theory, but generally requires only a plausible "short and plain" statement of the claim, not an exposition of his legal argument. *Id.*

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). The court primarily considers the

allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). The parties agree that Delaware law governs the dispute.

### B. Breach of Escrow Agreement, Count I

ERI argues that Radakovich has failed to state a claim upon which relief may be granted on his Breach of Escrow Agreement claim because he does not cite to any provision in the Escrow Agreement that gives rise to an obligation that has been breached. Radakovich responds that ERI is obligated under the Escrow Agreement to use its reasonable discretion to determine whether Milestones had been satisfied as it related to the Hyflux contract, citing ¶ 3(h) of the Escrow Agreement, which states that Radakovich "shall have the right to dispute whether [ERI] used its reasonable discretion to determine whether such Milestone was achieved ..." (Escrow Agr., ¶ 3(h))

Under Delaware law, a breach of contract claim must allege:  1) the existence of a contract, whether expressed or implied; 2) a breach on an obligation imposed by the contract; and, 3) the resulting damage to plaintiff. Reviewing the Complaint and the related agreements, the Court finds that ERI has stated a claim for breach of contract. The parties acknowledge the existence of the written Escrow Agreement, meeting the first element. Although ERI argues that it is not a party to the Hyflux contract and Radakovich has no standing to allege a breach of contract claim under the Hyflux contract, the issue of whether there was a breach of the Hyflux contract cannot be raised in this lawsuit. However, Exhibit B to the Merger Agreement references the Hyflux contract which set forth the requirements of the Milestones. (Ex. 1 to ERI's Motion) Any interpretation of the Escrow Agreement would necessarily require interpretation of the portion of the Hyflux contract to determine the applicable Milestones set forth in the Escrow Agreement.

As to the second element, Radakovich alleges that ERI breached an obligation imposed by the Escrow Agreement. ERI identified ¶ 3(h) of the Escrow Agreement which give Radakovich the right to dispute whether ERI used its "reasonable discretion" required under the Escrow Agreement. The Escrow Agreement does not define the term "reasonable discretion." The Merger Agreement also states that "(t)he determination of whether any Milestone has been achieved shall be determined by [ERI] in its "reasonable discretion." Reasonableness is a question of fact to be determined by the finder of fact. *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity,* 624 A.2d 1199, 1206 (Del. 1993). The issue of whether ERI breached its obligation to determine a Milestone in its "reasonable discretion" is not subject to dismissal under Rule 12(b)(6). Radakovich alleged sufficient facts to support his claim that ERI did not use "reasonable discretion" in determining the Milestones by alleging, *inter alia*:

> ERI controlled the process for achieving the efficiencies required under the Hyflux contract, as well as the timing for deliveries; ERI refused to use the services of entities to assist in the efficiencies issues; that extended delivery dates were agreed to between ERI and Hyflux, yet Hyflux issued penalties so that the Milestone could not be achieved; and that ERI did not contest the basis of the penalties issued by Hyflux; that ERI chose to provide Hyflux monetary gain but way of the penalties so that Radakovich would not be entitled to the Earn-Out under the Escrow Agreement; and, ERI utilized its position of control to preclude Radakovich from obtaining the necessary resources to meet the efficiencies and to meet the delivery dates.

(Comp., ¶¶ 45-63) Radakovich stated sufficient plausible facts to meet the second element of a breach of contract claim.

Radakovich has met the third element of a breach of contract claim by alleging that he suffered damages in the amount of $2,500,000. ERI, who made the determination that the Milestones were not met, will instead receive the money. (Comp., ¶¶ 68, 69, 78, 83) Radakovich stated a

6

plausible breach of contract claim. ERI's Motion to Dismiss under Rule 12(b)(6) the breach of the Escrow Agreement claim must be denied.

### C. Breach of Good Faith and Fair Dealing, Count II

ERI asserts that Radakovich's Complaint fails to allege a claim for breach of the duty of good faith and fair dealing because he failed to identify an implied contractual obligation under the Escrow Agreement. Radokovich responds that he has stated such a claim in sufficient detail.

An implied covenant claim is not a tort, but a contractual claim. *Wood v. Baum,* 953 A.2d 136, 143 (Del. 2008). An implied covenant of good faith and fair dealing claim is a limited gap-filling tool to infer contractual terms to which the parties could have agreed had they anticipated a situation they failed to address. *Nemec v. Shrader,* 91 A.2d 1120, 1126 (Del. 2010). It is not a "free-floating duty" or "a substitute for fiduciary duty analysis." *Longergan v. EPE Holdings, LLC,* 5 A.3d 1008, 107 (Del. Ch. 2010). "Fair dealing" is a commitment to deal "fairly" in the sense of consistently with the terms of the parties' Agreement and its purpose. *ASB Allegiance Real Estate Fund v. Scion Breckenridge,* ___ A.3d ___, 2012 WL 3027351 at *3 (Del. Ch. 2012). "Good faith" does not envision loyalty to the contractual couterparty, but rather faithfulness to the scope, purpose, and terms of the parties' contract. *Id.* The analysis turns on the contract itself and what the parties would have agreed upon had the issue arisen when they were bargaining originally. *Id.*

As noted above, Radakovich has identified the provision alleged to have been breached by ERI and that the term "reasonable discretion" is for the trier of fact since the term is not defined in the Escrow Agreement. Radakovich has set forth plausible facts, as set forth above, as to whether or not ERI fairly and faithfully adhered to the scope, purpose and terms of the parties' contract, as to whether ERI exercised "reasonable discretion" in determining whether the Milestones were

7

reached. Radakovich's Breach of Good Faith and Fair Dealing claim set forth in Count II cannot be dismissed under Rule 12(b)(6).

### D.     Unjust Enrichment, Count III

ERI seeks dismissal of the unjust enrichemnt claim because the claim stems from the same allegations set forth in the breach of contract claim. Radakovich responds that the claim is pled as an alternative, which is permitted under Rule 8(d)(2).

Courts developed the unjust enrichment theory of recovery to remedy the absence of a formal contract. *Bakerman v. Sidney Frank Importing Co., Inc.,* 2006 WL 3927242 at *18 (Del. Ch. Oct. 10, 2006). Claims of unjust enrichment may survive a motion to dismiss when the validity of the contract is in doubt or uncertain. *Id.* When the complaint alleges an express, enforceable contract that controls the parties' relationship, a claim for unjust enrichment must be dismissed. *Id; Nemec,* 991 A.2d at 1130. Under Delaware law, unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Nemec,* 991 A.2d at 1130; *Kuroda v. SPJH Holdings, LLC,* 971 A.2d 872, 891 (Del. Ch. 2009). The elements of unjust enrichment are: 1) an enrichment; 2) an impoverishment; 3) a relation between the enrichment and the impoverishment; 4) the absence of justification; and 5) the absence of a remedy provided by law. *Nemec,* 991 A.2d at 1130. Rule 8(d) provides that a party may set out alternative claims or defenses. Fed. R. Civ. P. 8(d)(2).

Although Radakovich pled the unjust enrichment claim in the alternative, which is allowed under Rule 8(d)(2), ERI has now filed a Rule 12(b)(6) motion which tests the legal sufficiency of the Complaint. Reviewing the unjust enrichment claim in Count II, the Court finds that it must be dismissed. Radakovich has alleged that the Escrow Agreement governs the parties' relationship.

8

One of the elements of an unjust enrichment claim is the absence of a remedy provided by law. Radakovich has alleged a remedy at law–a breach of contract claim. *Nemec,* 991 A.2d at 1130. The validity of the Escrow Agreement is not in doubt or uncertain. The Escrow Agreement is attached as Exhibit 2 to the Complaint and is signed by Radakovich and an ERI representative. The Complaint, as discussed above, alleges and express and enforceable contract that controls the parties' relationship. The unjust enrichment claim, Count III, must be dismissed for failure to state a claim upon which relief may be granted.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) **(Doc. No. 7)** is DENIED as to Counts I (Breach of Contract) and II (Good Faith and Fair Dealing) and GRANTED as to Count III (Unjust Enrichment).

IT IS FURTHER ORDERED that Plaintiff's Motion for Order to Conduct/Commence Discovery **(Doc. No. 13)** is MOOT in light of this Court's ruling above and the scheduling conference set by the Court. The parties may agree to conduct discovery prior to the Scheduling Conference.

IT IS FURTHER ORDERED that a Scheduling Conference is set for **Monday, October 29, 2012, 3:30 p.m.** The parties must meet for a Rule 26(f) conference and file a Joint Rule 26(f) Report by October 22, 2012.

                                                                          S/Denise Page Hood
                                                                          Denise Page Hood
                                                                          United States District Judge

Dated:  September 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2012, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                      Case Manager